# EXHIBIT A

General Civil and Domestic Relations Case Filing Information Form

E-filed in Office
Clerk of Superior Court
1/24/2020 5:07 PM
Coweta County, GA
Cindy G. Brown, Clerk
Case Number: SUV2020000117

☑ Superior or ☐ State Court of _Coweta_ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**

_Smith_ _Ruby_
Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**

_Liberty Mutual Insurance Company_
Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Plaintiff's Attorney _Justin T. Holcombe_   State Bar Number _552100_   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number     _____ Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of _Coweta_ County

E-filed in Office
Clerk of Superior Court
1/24/2020 5:07 PM
Coweta County, GA
Cindy G. Brown, Clerk
Case Number: SUV2020000117

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**

| _Smith_ | _Ruby_ | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| _Liberty_ | _Mutual_ | _Insurance_ | _Company_ | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney _Justin T. Holcombe_   State Bar Number _552100_   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-filed in Office
Clerk of Superior Court
1/24/2020 5:07 PM
Coweta County, GA
Cindy G. Brown, Clerk
Case Number: SUV2020000117

IN THE SUPERIOR COURT OF COWETA COUNTY
STATE OF GEORGIA

RUBY SMITH,                               :
on behalf of herself and all others      :
similarly situated,                      :
                                         :
        Plaintiff,                       :
                                         :        Civil Action File No.
                                         :
v.                                       :
                                         :        _____
LIBERTY MUTUAL INSURANCE COMPANY, :
                                         :        **Jury Trial Demanded**
        Defendant.                       :
_____ :

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff, RUBY SMITH seeks redress on behalf of herself and all

others similarly situated who subscribe to a residential or wireless telephone

number that Defendant made telephone solicitation calls to despite such persons'

registration on the national or Georgia do not call registries.

2.      In addition, Plaintiff seeks redress on behalf of herself and all others

similarly situated who subscribe to a residential or wireless telephone number that

Defendant made telemarketing calls to without implementing the minimum

procedures for maintaining a company specific do not call list.

3.      In addition, Plaintiff on behalf of herself and all others similarly

situated who subscribe to a cellular telephone number that Defendant made

telemarketing calls to using an artificial or prerecorded voice without the prior express consent of the called party.

4.      Plaintiff alleges that Defendants' conduct violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the regulations promulgated thereunder, 47 CFR § 64.1200, and Georgia's Public Utilities Code, O.C.G.A. § 46-5-27.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff, RUBY SMITH, is a natural person who resides in Coweta County, Georgia and is authorized by law to bring this action.

6.      Defendant, LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") is an insurance company formed in the State of Massachusetts with its principal place of business located at 175 Berkeley Street, Boston, MA 02116.

7.      Liberty Mutual provides insurance services to customers throughout the United States, including in the State of Georgia.

8.      Liberty Mutual continually and systematically transacts business within Georgia.

9.      In the course of its business, Liberty Mutual regularly uses the telephones to contact persons in Georgia and throughout the United States for the purposes of selling insurance.

2

10.     In the course of its business, Liberty Mutual initiated telephone calls to Plaintiff's cellular telephone number in Coweta County, Georgia.

11.     The calls were received by Plaintiff in Coweta County, Georgia.

12.     Plaintiff's causes of action arise from telephone calls initiated by Liberty Mutual to her cellular telephone within Coweta County, Georgia.

13.     Liberty Mutual is subject to the jurisdiction and venue of this court.

14.     Liberty Mutual may be served by personal service upon its registered agent for service of process within the State of Georgia, to wit: Corporation Service Company, 40 Technology Pkwy South, Suite 300, Norcross, GA 30092.

15.     Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## STATEMENT OF FACTS

16.     The named Plaintiff is the subscriber and regular user of cellular telephone service for telephone number (678) 634-6053.

17.     This is her personal cellular telephone number that she uses for residential, consumer purposes.

18.     Plaintiff registered her telephone number on the National Do Not Call Registry on October 20, 2016.

3

19.     By registering for the National Do Not Call Registry, Plaintiff also registered for the Georgia Do Not Call Registry.

20.     In 2019, Liberty made telephone calls to Plaintiff's cellular telephone number for the purpose of soliciting the sale of Liberty Mutual products and /or services.

21.     Plaintiff has never provided Liberty Mutual with her cellular telephone number.

22.     Plaintiff has never provided Liberty Mutual with permission to make or initiate calls to her cellular telephone number. In fact, Liberty Mutual called Plaintiff after she asked it to stop calling.

23.     Plaintiff does not have an established business relationship with Liberty Mutual.

24.     The telephone calls were made using an automatic telephone dialing system.

25.     The telephone calls actually played an artificial and/or prerecorded voice.

26.     For example, Plaintiff recorded a call that she received on or about October 10, 2019, by saying "Hello." The prerecorded voice then said in part:

> Hello, this is Liberty Mutual. The sooner you review your quote, the more we can help you save. To find out your options, press 1. Press 9 to opt out. [pause] Hello, this is Liberty …

4

The above recording stopped when Plaintiff pressed 1 to speak to a representative. After Liberty Mutual played another recording asking Plaintiff to hold while it connected her with Liberty Mutual Insurance, a human being identifying herself as from Liberty Mutual came on the line, at which time Plaintiff explained that she had received multiple calls from Liberty Mutual, that on multiple prior calls she had pressed "9" to opt out, and complained that the calls continued. Plaintiff reiterated her prior requests to stop calling on this call.

27.    The fact that the voice used on the telephone messages is artificial and/or prerecorded is clear to the listener.

28.    The voice requests that the recipient of the call press 1 to find out her options for purchasing insurance or to press 9 to opt out. The initial prerecorded message then "looped," which no human being would do.

29.    The use of a touchtone keypad to interact with the voice on the telephone indicates that the consumer is speaking with a previously recorded or computer voice rather than a live person.

30.    The use of an artificial or prerecorded voice is also indicative of the use of an automatic telephone dialing system.

31.    The purpose of the calls was to attempt to sell insurance products or services to Plaintiff.

5

32.    The telephone calls made by Liberty Mutual to Plaintiff's and to the class members' cellular telephone numbers were knowingly and willfully initiated.

33.    Plaintiff did not desire to receive such calls to her cellular telephone number, and Plaintiff and members of the class suffered harm as a result including, but not limited to, annoyance, nuisance, harassment, invasion of the their respective privacy interests, intrusion upon seclusion, trespass or occupation of their respective telephone lines, and the time spent making do not call requests deemed futile by the Defendants' refusal to honor such requests.

34.    Moreover, Congress and the General Assembly have statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA and Public Utilities Code, and Liberty Mutual has harmed the named Plaintiff and class members by invading this legally protected right.

35.    The legally protected rights under the TCPA and the Georgia Public Utilities Code closely relate to rights enforceable at common law, including without limitation to the torts of intrusion upon seclusion, nuisance, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

36.    All conditions precedent to bringing this action have been complied with.

## CLASS ALLEGATIONS

## CLASS I: ROBOCALL CLASS (Counts 1, 2, 3, and 4)

37.     This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or at the direction of Defendants (ii) to such person's cellular telephone number (iii) for the purposes of selling insurance products or services (iv) which used an artificial or prerecorded voice (iv) in the four year period preceding the filing of this action, through the date of class certification.

38.     Plaintiff alleges a subclass of such persons who did not provide prior express written consent to receive such calls.

39.     The exact size of the class is information within the exclusive knowledge of the Defendants.

40.     The class is so numerous that joinder of all members is impractical.

41.     The allegation of the previous paragraph is based, in part, upon the following information: 1) Plaintiff herself received such calls to her cellular telephone from Defendant, 2) the calls to Plaintiff were generic in a fashion which indicates they were made using automated means; and 3) and the very purpose of prerecorded voice calls is to call numerous persons in a short amount of time.

42.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

7

      a.  Whether Defendant made calls using an automatic telephone

           dialing system or an artificial or prerecorded voice;

      b.  Whether Defendant has prior express written consent to make any

           such calls; and

      c.  Whether the telephone calls were made knowingly or willfully.

43.    The claims of the Plaintiff are typical of those of the class members.
All are based on the same facts and legal theories.

44.    Plaintiff will fairly and adequately protect the interests of the class.
She has retained counsel experienced in handling TCPA actions and class actions.
Neither Plaintiff nor her counsel has any interests which might cause them not to
vigorously pursue this action.

45.    Certification of the class under Rule 23 is appropriate in that:

a.    The questions of law or fact common to the members of the class
predominate over any questions affecting an individual member;

b.    A class action is superior to other available methods for the fair and
efficient adjudication of the controversy. Class treatment will permit a large
number of similarly situated persons to prosecute their common claims relating to
Defendants' telemarketing calls in a single forum simultaneously, efficiently, and
without the duplication of effort and expense that numerous individual lawsuits
would entail. Absent a class action, many members of the class will likely not

obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

46.    Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for her claims of monetary damages.

47.    Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

48.    Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for her claims for injunctive relief.

## CLASS II: DO NOT CALL REGISTRY CLASS (Counts 5, 6, 7, and 8)

49.    This action is brought on behalf of a class defined as (i) all persons to whom two or more calls were initiated within any 12 month period by or at the direction of Defendants (ii) to such person's residential or wireless telephone number (iii) for the purposes of selling insurance products or services (iv) after such person registered for the National Do Not Call Registry; (v) excluded from the class are persons with whom Defendant can show it has an established business relationship.

50.    Plaintiff alleges a subclass of such persons whose numbers are included in the Georgia Do Not Call Registry.

51.     The exact size of the class is information within the exclusive knowledge of the Defendants.

52.     The class is so numerous that joinder of all members is impractical.

53.     The allegation of the previous paragraph is based, in part, upon the following information: 1) Plaintiff herself received such calls to her cellular telephone from Defendant, indicating Defendant did not honor do not call registrations; 2) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; and 3) and the very purpose of prerecorded voice calls is to call numerous persons in a short amount of time.

54.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

      a.  Whether Defendant made telephone solicitation calls to telephone numbers registered on the National or Georgia Do Not Call Registry; and

      b.  Whether the telephone calls were made knowingly or willfully.

55.     The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

56.     Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA actions and class actions.

Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

57.   Certification of the class under Rule 23 is appropriate in that:

a.    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendants' telemarketing calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

58.   Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for her claims of monetary damages.

59.   Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

60.   Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for her  claims for injunctive relief.

11

## CLASS III: INTERNAL DO NOT CALL LIST CLASS (Counts 9, 10)

61.     This action is brought on behalf of a class defined as (i) all persons to whom two or more calls were initiated by or at the direction of Defendants (ii) to such person's residential or wireless telephone number (iii) for the purposes of selling insurance products or services.

62.     Plaintiff alleges a subclass of such persons who received such a call after making a do not call request to Liberty Mutual.

63.     The exact size of the class is information within the exclusive knowledge of the Defendants.

64.     The class is so numerous that joinder of all members is impractical.

65.     The allegation of the previous paragraph is based, in part, upon the following information: 1) Plaintiff herself received such calls to her cellular telephone from Defendant, indicating Defendant did not honor do not call requests; 2) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; and 3) and the very purpose of prerecorded voice calls is to call numerous persons in a short amount of time.

66.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

12

    a.   Whether Defendant made telemarketing calls to telephone numbers

without maintaining the minimum standards required by those

engaged in telemarketing; and

    b.   Whether the telephone calls were made knowingly or willfully.

67. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

68. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

69. Certification of the class under Rule 23 is appropriate in that:

a.   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendants' telemarketing calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their

right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

70.    Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for her claims of monetary damages.

71.    Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

72.    Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for her  claims for injunctive relief.

## CAUSES OF ACTION

### COUNT ONE:  TELEPHONE CONSUMER PROTECTION ACT: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

73.    The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of an automatic telephone dialing system to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

74.    Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

75.    The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of automatic telephone dialing system.

76.    Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of an automatic telephone dialing system in the future.

77.    In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express consent of the called party in the future.

### COUNT TWO:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF ARTIFICIAL OR PRERECORDED VOICE MESSAGES

78.    The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of artificial or prerecorded voice message to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

79.    Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

15

80.    The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of artificial or prerecorded voice calls.

81.    Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of artificial or prerecorded voice calls in the future.

82.    In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of artificial or prerecorded voice calls without the prior express consent of the called party in the future.

### COUNT THREE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

83.    The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

84.    Defendant used an automatic telephone dialing system when it made and/or initiated calls to plaintiff's cellular telephone number.

85.    Defendant's violations of the TCPA include, but are not limited to, the following:

16

86.     Making and/or initiating telephone calls using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR §§ 64.1200(a)(1)(iii) and (a)(2).

87.     As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

88.     Defendant's violations were committed willfully and knowingly.

89.     Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

### COUNT FOUR: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN ARTIFICIAL OR PRERECORDED VOICE MESSAGE

90.     The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of artificial or prerecorded voice calls and the regulations promulgated thereunder.

91.     Defendant used an artificial or prerecorded voice when it made and/or initiated calls to plaintiff's cellular telephone number.

92.     Defendant's violations of the TCPA include, but are not limited to, the following:

93.     Making and/or initiating telephone calls using an    artificial or prerecorded voiced message to any telephone number assigned to a cellular

17

telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § §
64.1200(a)(1)(iii) and (a)(2).

94.    As a result of Defendant's actions, Plaintiff and the members of the
class are entitled to an award of damages of $500.00 for each such violation.

95.    Defendant's violations were committed willfully and knowingly.

96.    Plaintiff, on behalf of himself and the class, requests the court treble
damages pursuant to 47 U.S.C. §227(b)(3).

### COUNT FIVE: TELEPHONE CONSUMER PROTECTION ACT: MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(c)(5)(B) FOR NATIONAL DO NOT CALL VIOLATIONS

97.    The acts of Defendants constitute violations of the Telephone
Consumer Protection Act and/or its implementing regulations.

98.    The TCPA required the Federal Communication Commission
("FCC") to initiate a rulemaking proceeding concerning the need to protect
residential telephone subscribers' privacy rights to avoid receiving telephone
solicitations to which they object. 47 U.S.C. § 227(c)(1).

99.    The TCPA required the FCC to conclude such proceedings by issuing
regulations to implement methods and procedures for protecting such privacy
rights in an efficient, effective, and economic manner and without the imposition
of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

100. The TCPA specifically permitted the FCC to issue regulations requiring the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

101. The Federal Communications Commission's regulations provide:

No person or entity shall initiate any telephone solicitation to...
[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

102. This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

103. Defendant failed to maintain the procedures required by 47 C.F.R. § 64.1200(c)(2)(i).

104. Defendant did not record Plaintiff's request not to receive calls from Defendants.

105. Defendant did not use any process to prevent them from calling numbers on the National Do Not Call Registry.

106. As a result of Defendant's actions in violation of the TCPA and the Federal FCC's implementing regulations, Plaintiff is entitled to an award of

19

damages up to $500.00 for each such violation pursuant to 47 U.S.C. §

227(c)(5)(B).

107.  Defendant was aware of the TCPA's do not call rules and continued to

call. Defendant's conduct in violation of the TCPA and the Federal

Communications Commission's implementing regulations were willful or

knowing.

108.  Plaintiff requests this Court treble damages for each such violation

pursuant to 47 U.S.C. § 227(c)(5).

### COUNT SIX: TELEPHONE CONSUMER PROTECTION ACT: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(c)(5)(A) TO PREVENT NATIONAL DO NOT CALL VIOLATIONS

109.  The acts of Defendant constitute violations of the Telephone

Consumer Protection Act and/or its implementing regulations.

110.  The Federal Communications Commission's regulations provide:

No person or entity shall initiate any telephone solicitation to...
[a] residential telephone subscriber who has registered his or her telephone
number on the national do-not-call registry of persons who do not wish to
receive telephone solicitations that is maintained by the Federal
Government. Such do-not-call registrations must be honored indefinitely, or
until the registration is cancelled by the consumer or the telephone number is
removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

111.  This provision is made applicable to wireless numbers by 47 C.F.R. §

64.1200(e).

damages up to $500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

107.  Defendant was aware of the TCPA's do not call rules and continued to call. Defendant's conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations were willful or knowing.

108.  Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

### COUNT SIX: TELEPHONE CONSUMER PROTECTION ACT: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(c)(5)(A) TO PREVENT NATIONAL DO NOT CALL VIOLATIONS

109.  The acts of Defendant constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

110.  The Federal Communications Commission's regulations provide:

No person or entity shall initiate any telephone solicitation to...
[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

111.  This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

112. Defendant did not use any process to prevent them from calling numbers on the National Do Not Call Registry.

113. As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

114. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

115. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from engaging in telemarketing or making telephone solicitations.

116. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(c)(5)(A) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations.

117. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(c)(5)(A) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations to telephone numbers on the National Do Not Call Registry.

## COUNT SEVEN: GEORGIA PUBLIC UTILITIES CODE: MONETARY DAMAGES PURSUANT TO O.C.G.A. § 46-5-27(i) FOR GEORGIA DO NOT CALL VIOLATIONS

118. The acts of Defendant constitute violations of the Georgia Public Utilities Code.

119. The Georgia Pubic Utilities Code Provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential, mobile, or wireless subscriber in this state who has given notice to the commission, in accordance with regulations promulgated under subsection (d) of this Code section, of such subscriber's objection to receiving telephone solicitations.

O.C.G.A. § 46-5-27(c).

120. By registering for the National Do Not Call Registry, plaintiff and members of the class in Georgia also registered for the Georgia Do Not Call Registry. *See* O.C.G.A. § 46-5-27(d)(4).

121. By making telephone solicitation calls to numbers assigned to the Georgia Do Not Call Registry, Defendant violated the Georgia Public Utilities Code.

122. Defendant knew it was making the telephone solicitation calls at issue and knew that it had an obligation to determine if such numbers were on either the National or Georgia Do Not Registries, but it failed to do so.

22

123. Plaintiff, and members of the putative class in Georgia, are entitled to damages of $2,000 for each such knowing violation pursuant to O.C.G.A. § 46-5-27(i).

## COUNT EIGHT: GEORGIA PUBLIC UTILITIES CODE: INJUNCTIVE RELIEF PURSUANT TO O.C.G.A. § 46-5-27(i) TO PREVENT GEORGIA DO NOT CALL VIOLATIONS

124. The acts of Defendant constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

125. The Georgia Pubic Utilities Code Provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential, mobile, or wireless subscriber in this state who has given notice to the commission, in accordance with regulations promulgated under subsection (d) of this Code section, of such subscriber's objection to receiving telephone solicitations.

O.C.G.A. § 46-5-27(c).

126. By registering for the National Do Not Call Registry, plaintiff and members of the class in Georgia also registered for the Georgia Do Not Call Registry. *See* O.C.G.A. § 46-5-27(d)(4).

127. By making telephone solicitation calls to numbers assigned to the Georgia Do Not Call Registry, Defendant violated the Georgia Public Utilities Code.

128. As evidenced by Defendant's continuous calling of Plaintiff, in violation of the Georgia Public Utilities Code, Defendant's policies and procedures violate Georgia law on a continuing basis.

129. Based on Defendant's pattern and practice of violating the Georgia law, future violations will continue.

130. The only way to prevent the Defendant from continuing to violate Georgia law is to enjoin the defendant from engaging in telemarketing or making telephone solicitations to persons in the State of Georgia.

131. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to O.C.G.A. § 46-5-27(i) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations to persons in the State of Georgia.

132. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to O.C.G.A. § 46-5-27(i) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations to telephone numbers on the Georgia Do Not Call Registry.

### COUNT NINE: TELEPHONE CONSUMER PROTECTION ACT: MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(c)(5)(B) FOR INTERNAL DO NOT CALL VIOLATIONS

133. The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

24

134. The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(1).

135. Congress specifically directed the FCC to "compare and evaluate alternative methods and procedures" including the use of "company specific 'do not call' systems[.]" 47 U.S.C. § 227(c)(1)(A).

136. The TCPA required the FCC to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

137. The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

138. This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

139. The procedures required must include the following:

25

> If a person or entity making a call for telemarketing purposes (or on
> whose behalf such a call is made) receives a request from a residential
> telephone subscriber not to receive calls from that person or entity, the
> person or entity must record the request and place the subscriber's
> name, if provided, and telephone number on the do-not-call list at the
> time the request is made. Persons or entities making calls for
> telemarketing purposes (or on whose behalf such calls are made) must
> honor a residential subscriber's do-not-call request within a reasonable
> time from the date such request is made. This period may not exceed
> thirty days from the date of such request. If such requests are recorded
> or maintained by a party other than the person or entity on whose
> behalf the telemarketing call is made, the person or entity on whose
> behalf the telemarketing call is made will be liable for any failures to
> honor the do-not-call request. A person or entity making a call for
> telemarketing purposes must obtain a consumer's prior express
> permission to share or forward the consumer's request not to be called
> to a party other than the person or entity on whose behalf a
> telemarketing call is made or an affiliated entity.

47 C.F.R. § 64.1200(d)(3).

140. Recognizing that most callers have the ability to record and honor

such requests immediately, the FCC confirmed that such requests must be honored

within a reasonable time and that "telemarketers with the capability to honor such

company-specific do-not-call requests in less than thirty days must do so." *Rules

and Regulation Implementing the Telephone Consumer Protection Act of 1991*, 18

FCC Rcd. 14014, ¶ 94 (FCC 2003).

141. Because Defendants use an platform with an established means of

opting out with by pressing "9", Defendants have the capability to honor such

DNC requests immediately or at least by the following day.  It was unreasonable not to honor such requests.

142.  Plaintiff repeatedly asked Liberty Mutual to stop calling her, including through pressing "9" during calls, which should have automatically and instantaneously logged – and honored – her request not to receive future calls.

143.  Liberty Mutual kept calling Plaintiff's cell phone – which is her personal phone – despite these repeated requests.

144.  Liberty Mutual does not have an adequate written policy designed to prevent calling persons like plaintiff, who have requested not to be called. Alternatively and additionally, Liberty Mutual does not honor whatever policy it does have, or it has failed to adequately train the persons who maintain such.

145.  Defendants failed to maintain the procedures required by 47 C.F.R. § 64.1200(d).

146.  Defendants did not record Plaintiff's request not to receive calls from Defendants.

147.  Defendants did not place Plaintiff's name and number on its do not call list at the time of Plaintiff's request.

148.  Defendants did not honor Plaintiff's request not to be called within a reasonable time from the date such request was made.

149.  As a result of Defendants' actions in violation of the TCPA and the Federal FCC's implementing regulations, Plaintiff is entitled to an award of damages up to $500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

150.  Defendants are aware of the TCPA's do not call rules and has continued to call after requests to stop calling. Defendants' conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations was willful or knowing.

151.  Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

152.  Defendant was aware of the TCPA's do not call rules and continued to call. Defendant's conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations were willful or knowing.

153.  Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

**COUNT TEN: TELEPHONE CONSUMER PROTECTION ACT: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(c)(5)(A) FOR INTERNAL DO NOT CALL VIOLATIONS**

154.  The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

28

155. The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers privacy rights to avoid receiving telephone solicitations to which the object. 47 U.S.C. § 227(c)(1).

156. The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

157. This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

158. The procedures required must include the following:

> If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express

> permission to share or forward the consumer's request not to be called
> to a party other than the person or entity on whose behalf a
> telemarketing call is made or an affiliated entity.

47 C.F.R. § 64.1200(d)(3).

159.  Recognizing that most callers have the ability to record and honor such requests immediately, the FCC confirmed that such requests must be honored within a reasonable time and that "telemarketers with the capability to honor such company-specific do-not-call requests in less than thirty days must do so." *Rules and Regulation Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 94 (FCC 2003).

160.  Because Defendants use an platform with an established means of opting out with by pressing "9", Defendants have the capability to honor such DNC requests immediately or at least by the following day.  It was unreasonable not to honor such requests.

161.  Plaintiff repeatedly asked Liberty Mutual to stop calling her, including through pressing "9" during calls, which should have automatically and instantaneously logged – and honored – her request not to receive future calls.

162.  Liberty Mutual kept calling Plaintiff's cell phone – which is her personal phone – despite these repeated requests.

163.  Liberty Mutual does not have an adequate written policy designed to prevent calling persons like plaintiff, who have requested not to be called.

Alternatively and additionally, Liberty Mutual does not honor whatever policy it does have, or it has failed to adequately train the persons who maintain such.

164. Defendants failed to maintain the procedures required by 47 C.F.R. § 64.1200(d).

165. Defendants did not record Plaintiff's request not to receive calls from Defendants.

166. Defendants did not place Plaintiff's name and number on its do not call list at the time of Plaintiff's request.

167. Defendants did not honor Plaintiff's request not to be called within a reasonable time from the date such request was made.

168. As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

169. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

170. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from engaging in telemarketing.

171. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(c)(5)(A) to enjoin and prohibit Defendant from engaging in telemarketing.

31

## COUNT ELEVEN:  BAD FAITH ATTORNEY FEES

172.  Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telemarketing calls and/or using an artificial or prerecorded voice message to Plaintiff's and class member's cellular telephone numbers without the parties' prior express written consent.

173.  Defendant willingly, knowingly, and intentionally violated the TCPA and Georgia's Public Utilities Code in making telephone solicitation calls to persons registered on the National and Georgia Do Not Call Registries.

174.  Defendant willingly, knowingly, and intentionally violated the TCPA and in making telemarketing calls without maintaining minimum procedures for maintaining a company specific do not call list.

175.  "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

176.  "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

177.  Defendant has acted in bad faith, been stubbornly litigious or caused

32

the Plaintiff, and the class members, unnecessary trouble and expense, and as such,

Plaintiff and the class members are entitled to an award of litigation expenses,

including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

178. Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

179. Plaintiff hereby demands that the Defendant take affirmative steps to

preserve all telephone recordings, data, emails, other recordings, phone records,

dialer records, documents and all other tangible things that relate to the allegations

herein, Plaintiff or the putative class members, or the making of telephone calls,

the events described herein, any third party, telemarketer or vendor associated with

any telephone call, campaign, telemarketing, account, sale or file associated with

plaintiff or the putative class members, and any account or number or symbol

relating to any of them.  These materials are very likely relevant to the litigation of

this claim.  If Defendant is aware of any third party that has possession, custody or

control of any such materials, Plaintiff demands that Defendant request that such

third party also take steps to preserve the materials.  This demand shall not narrow

the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

A.   Certification of this matter to proceed as a class action;

B.   That Plaintiff and the class be awarded damages in the liquidated amounts provided by the TCPA and Georgia Public Utilities Code;

C.   That Plaintiff and the class be awarded treble damages;

D.   In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telemarketing calls;

E.   That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee; and

F.   That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

[Signatures on Following Page]

34

**SKAAR & FEAGLE, LLP**

By:     */s/ Justin T. Holcombe*
        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        Kris Skaar
        Georgia Bar No. 649610
        kskaar@skaarandfeagle.com
        133 Mirramont Lake Drive
        Woodstock, GA 30189
        Tel:   (770) 427-5600
        Fax:   (404) 601-1855

        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        Cliff R. Dorsen
        Georgia Bar No. 149254
        cdorsen@skaarandfeagle.com
        2374 Main Street, Suite B
        Tucker, GA 30084
        Tel:   (404) 373-1970
        Fax:   (404) 601-1855

35

E-filed in Office
Clerk of Superior Court
1/24/2020 5:07 PM
Coweta County, GA
Cindy G. Brown, Clerk
Case Number: SUV2020000117

IN THE SUPERIOR COURT OF COWETA COUNTY
STATE OF GEORGIA

RUBY SMITH,                                    :
on behalf of herself and all others            :
similarly situated,                            :
                                               :
        Plaintiff,                             :
                                               :        Civil Action File No.
v.                                             :
                                               :        _____
LIBERTY MUTUAL INSURANCE COMPANY, :
                                               :        **Jury Trial Demanded**
        Defendant.                             :
_____:

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff, RUBY SMITH seeks redress on behalf of herself and all

others similarly situated who subscribe to a residential or wireless telephone

number that Defendant made telephone solicitation calls to despite such persons'

registration on the national or Georgia do not call registries.

2.      In addition, Plaintiff seeks redress on behalf of herself and all others

similarly situated who subscribe to a residential or wireless telephone number that

Defendant made telemarketing calls to without implementing the minimum

procedures for maintaining a company specific do not call list.

3.      In addition, Plaintiff on behalf of herself and all others similarly

situated who subscribe to a cellular telephone number that Defendant made

1

telemarketing calls to using an artificial or prerecorded voice without the prior express consent of the called party.

4.      Plaintiff alleges that Defendants' conduct violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the regulations promulgated thereunder, 47 CFR § 64.1200, and Georgia's Public Utilities Code, O.C.G.A. § 46-5-27.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff, RUBY SMITH, is a natural person who resides in Coweta County, Georgia and is authorized by law to bring this action.

6.      Defendant, LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") is an insurance company formed in the State of Massachusetts with its principal place of business located at 175 Berkeley Street, Boston, MA 02116.

7.      Liberty Mutual provides insurance services to customers throughout the United States, including in the State of Georgia.

8.      Liberty Mutual continually and systematically transacts business within Georgia.

9.      In the course of its business, Liberty Mutual regularly uses the telephones to contact persons in Georgia and throughout the United States for the purposes of selling insurance.

2

10.    In the course of its business, Liberty Mutual initiated telephone calls to Plaintiff's cellular telephone number in Coweta County, Georgia.

11.    The calls were received by Plaintiff in Coweta County, Georgia.

12.    Plaintiff's causes of action arise from telephone calls initiated by Liberty Mutual to her cellular telephone within Coweta County, Georgia.

13.    Liberty Mutual is subject to the jurisdiction and venue of this court.

14.    Liberty Mutual may be served by personal service upon its registered agent for service of process within the State of Georgia, to wit: Corporation Service Company, 40 Technology Pkwy South, Suite 300, Norcross, GA 30092.

15.    Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## STATEMENT OF FACTS

16.    The named Plaintiff is the subscriber and regular user of cellular telephone service for telephone number (678) 634-6053.

17.    This is her personal cellular telephone number that she uses for residential, consumer purposes.

18.    Plaintiff registered her telephone number on the National Do Not Call Registry on October 20, 2016.

3

19.    By registering for the National Do Not Call Registry, Plaintiff also registered for the Georgia Do Not Call Registry.

20.    In 2019, Liberty made telephone calls to Plaintiff's cellular telephone number for the purpose of soliciting the sale of Liberty Mutual products and /or services.

21.    Plaintiff has never provided Liberty Mutual with her cellular telephone number.

22.    Plaintiff has never provided Liberty Mutual with permission to make or initiate calls to her cellular telephone number. In fact, Liberty Mutual called Plaintiff after she asked it to stop calling.

23.    Plaintiff does not have an established business relationship with Liberty Mutual.

24.    The telephone calls were made using an automatic telephone dialing system.

25.    The telephone calls actually played an artificial and/or prerecorded voice.

26.    For example, Plaintiff recorded a call that she received on or about October 10, 2019, by saying "Hello." The prerecorded voice then said in part:

> Hello, this is Liberty Mutual. The sooner you review your quote, the more we can help you save. To find out your options, press 1. Press 9 to opt out. [pause] Hello, this is Liberty ...

4

The above recording stopped when Plaintiff pressed 1 to speak to a representative. After Liberty Mutual played another recording asking Plaintiff to hold while it connected her with Liberty Mutual Insurance, a human being identifying herself as from Liberty Mutual came on the line, at which time Plaintiff explained that she had received multiple calls from Liberty Mutual, that on multiple prior calls she had pressed "9" to opt out, and complained that the calls continued. Plaintiff reiterated her prior requests to stop calling on this call.

27.     The fact that the voice used on the telephone messages is artificial and/or prerecorded is clear to the listener.

28.     The voice requests that the recipient of the call press 1 to find out her options for purchasing insurance or to press 9 to opt out. The initial prerecorded message then "looped," which no human being would do.

29.     The use of a touchtone keypad to interact with the voice on the telephone indicates that the consumer is speaking with a previously recorded or computer voice rather than a live person.

30.     The use of an artificial or prerecorded voice is also indicative of the use of an automatic telephone dialing system.

31.     The purpose of the calls was to attempt to sell insurance products or services to Plaintiff.

5

32.    The telephone calls made by Liberty Mutual to Plaintiff's and to the class members' cellular telephone numbers were knowingly and willfully initiated.

33.    Plaintiff did not desire to receive such calls to her cellular telephone number, and Plaintiff and members of the class suffered harm as a result including, but not limited to, annoyance, nuisance, harassment, invasion of the their respective privacy interests, intrusion upon seclusion, trespass or occupation of their respective telephone lines, and the time spent making do not call requests deemed futile by the Defendants' refusal to honor such requests.

34.    Moreover, Congress and the General Assembly have statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA and Public Utilities Code, and Liberty Mutual has harmed the named Plaintiff and class members by invading this legally protected right.

35.    The legally protected rights under the TCPA and the Georgia Public Utilities Code closely relate to rights enforceable at common law, including without limitation to the torts of intrusion upon seclusion, nuisance, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

36.    All conditions precedent to bringing this action have been complied with.

## CLASS ALLEGATIONS

### CLASS I: ROBOCALL CLASS (Counts 1, 2, 3, and 4)

37.     This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or at the direction of Defendants (ii) to such person's cellular telephone number (iii) for the purposes of selling insurance products or services (iv) which used an artificial or prerecorded voice (iv) in the four year period preceding the filing of this action, through the date of class certification.

38.     Plaintiff alleges a subclass of such persons who did not provide prior express written consent to receive such calls.

39.     The exact size of the class is information within the exclusive knowledge of the Defendants.

40.     The class is so numerous that joinder of all members is impractical.

41.     The allegation of the previous paragraph is based, in part, upon the following information: 1) Plaintiff herself received such calls to her cellular telephone from Defendant, 2) the calls to Plaintiff were generic in a fashion which indicates they were made using automated means; and 3) and the very purpose of prerecorded voice calls is to call numerous persons in a short amount of time.

42.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

7

a. Whether Defendant made calls using an automatic telephone dialing system or an artificial or prerecorded voice;

b. Whether Defendant has prior express written consent to make any such calls; and

c. Whether the telephone calls were made knowingly or willfully.

43. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

44. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

45. Certification of the class under Rule 23 is appropriate in that:

a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendants' telemarketing calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not

8

obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

46.    Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for her claims of monetary damages.

47.    Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

48.    Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for her claims for injunctive relief.

### CLASS II: DO NOT CALL REGISTRY CLASS (Counts 5, 6, 7, and 8)

49.    This action is brought on behalf of a class defined as (i) all persons to whom two or more calls were initiated within any 12 month period by or at the direction of Defendants (ii) to such person's residential or wireless telephone number (iii) for the purposes of selling insurance products or services (iv) after such person registered for the National Do Not Call Registry; (v) excluded from the class are persons with whom Defendant can show it has an established business relationship.

50.    Plaintiff alleges a subclass of such persons whose numbers are included in the Georgia Do Not Call Registry.

51.    The exact size of the class is information within the exclusive knowledge of the Defendants.

52.    The class is so numerous that joinder of all members is impractical.

53.    The allegation of the previous paragraph is based, in part, upon the following information: 1) Plaintiff herself received such calls to her cellular telephone from Defendant, indicating Defendant did not honor do not call registrations; 2) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; and 3) and the very purpose of prerecorded voice calls is to call numerous persons in a short amount of time.

54.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

  a.    Whether Defendant made telephone solicitation calls to telephone numbers registered on the National or Georgia Do Not Call Registry; and

  b.    Whether the telephone calls were made knowingly or willfully.

55.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

56.    Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA actions and class actions.

Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

57.   Certification of the class under Rule 23 is appropriate in that:

a.   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendants' telemarketing calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

58.   Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for her claims of monetary damages.

59.   Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

60.   Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for her  claims for injunctive relief.

11

**CLASS III: INTERNAL DO NOT CALL LIST CLASS (Counts 9, 10)**

61.     This action is brought on behalf of a class defined as (i) all persons to whom two or more calls were initiated by or at the direction of Defendants (ii) to such person's residential or wireless telephone number (iii) for the purposes of selling insurance products or services.

62.     Plaintiff alleges a subclass of such persons who received such a call after making a do not call request to Liberty Mutual.

63.     The exact size of the class is information within the exclusive knowledge of the Defendants.

64.     The class is so numerous that joinder of all members is impractical.

65.     The allegation of the previous paragraph is based, in part, upon the following information: 1) Plaintiff herself received such calls to her cellular telephone from Defendant, indicating Defendant did not honor do not call requests; 2) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; and 3) and the very purpose of prerecorded voice calls is to call numerous persons in a short amount of time.

66.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

12

    a. Whether Defendant made telemarketing calls to telephone numbers

       without maintaining the minimum standards required by those

       engaged in telemarketing; and

    b. Whether the telephone calls were made knowingly or willfully.

67. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

68. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

69. Certification of the class under Rule 23 is appropriate in that:

a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendants' telemarketing calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their

13

right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

70.    Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for her claims of monetary damages.

71.    Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

72.    Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for her claims for injunctive relief.

## CAUSES OF ACTION

### COUNT ONE:  TELEPHONE CONSUMER PROTECTION ACT: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

73.    The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of an automatic telephone dialing system to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

74.    Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

14

75. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of automatic telephone dialing system.

76. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of an automatic telephone dialing system in the future.

77. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express consent of the called party in the future.

## COUNT TWO:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF ARTIFICIAL OR PRERECORDED VOICE MESSAGES

78. The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of artificial or prerecorded voice message to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

79. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

15

80.   The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of artificial or prerecorded voice calls.

81.   Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of artificial or prerecorded voice calls in the future.

82.   In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of artificial or prerecorded voice calls without the prior express consent of the called party in the future.

## COUNT THREE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

83.   The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

84.   Defendant used an automatic telephone dialing system when it made and/or initiated calls to plaintiff's cellular telephone number.

85.   Defendant's violations of the TCPA include, but are not limited to, the following:

16

86.   Making and/or initiating telephone calls using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR §§ 64.1200(a)(1)(iii) and (a)(2).

87.   As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

88.   Defendant's violations were committed willfully and knowingly.

89.   Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

### COUNT FOUR: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN ARTIFICIAL OR PRERECORDED VOICE MESSAGE

90.   The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of artificial or prerecorded voice calls and the regulations promulgated thereunder.

91.   Defendant used an artificial or prerecorded voice when it made and/or initiated calls to plaintiff's cellular telephone number.

92.   Defendant's violations of the TCPA include, but are not limited to, the following:

93.   Making and/or initiating telephone calls using an   artificial or prerecorded voiced message to any telephone number assigned to a cellular

telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § § 64.1200(a)(1)(iii) and (a)(2).

94.   As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

95.   Defendant's violations were committed willfully and knowingly.

96.   Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

### COUNT FIVE: TELEPHONE CONSUMER PROTECTION ACT: MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(c)(5)(B) FOR NATIONAL DO NOT CALL VIOLATIONS

97.   The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

98.   The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(1).

99.   The TCPA required the FCC to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

100.  The TCPA specifically permitted the FCC to issue regulations requiring the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

101.  The Federal Communications Commission's regulations provide:

No person or entity shall initiate any telephone solicitation to...
[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

102.  This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

103.  Defendant failed to maintain the procedures required by 47 C.F.R. § 64.1200(c)(2)(i).

104.  Defendant did not record Plaintiff's request not to receive calls from Defendants.

105.  Defendant did not use any process to prevent them from calling numbers on the National Do Not Call Registry.

106.  As a result of Defendant's actions in violation of the TCPA and the Federal FCC's implementing regulations, Plaintiff is entitled to an award of

damages up to $500.00 for each such violation pursuant to 47 U.S.C. §

227(c)(5)(B).

107.  Defendant was aware of the TCPA's do not call rules and continued to

call. Defendant's conduct in violation of the TCPA and the Federal

Communications Commission's implementing regulations were willful or

knowing.

108.  Plaintiff requests this Court treble damages for each such violation

pursuant to 47 U.S.C. § 227(c)(5).

### COUNT SIX: TELEPHONE CONSUMER PROTECTION ACT: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(c)(5)(A) TO PREVENT NATIONAL DO NOT CALL VIOLATIONS

109.  The acts of Defendant constitute violations of the Telephone

Consumer Protection Act and/or its implementing regulations.

110.  The Federal Communications Commission's regulations provide:

No person or entity shall initiate any telephone solicitation to...
[a] residential telephone subscriber who has registered his or her telephone
number on the national do-not-call registry of persons who do not wish to
receive telephone solicitations that is maintained by the Federal
Government. Such do-not-call registrations must be honored indefinitely, or
until the registration is cancelled by the consumer or the telephone number is
removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

111.  This provision is made applicable to wireless numbers by 47 C.F.R. §

64.1200(e).

112. Defendant did not use any process to prevent them from calling numbers on the National Do Not Call Registry.

113. As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

114. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

115. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from engaging in telemarketing or making telephone solicitations.

116. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(c)(5)(A) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations.

117. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(c)(5)(A) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations to telephone numbers on the National Do Not Call Registry.

**COUNT SEVEN: GEORGIA PUBLIC UTILITIES CODE:**
**MONETARY DAMAGES PURSUANT TO O.C.G.A. § 46-5-27(i) FOR**
**GEORGIA DO NOT CALL VIOLATIONS**

118. The acts of Defendant constitute violations of the Georgia Public

Utilities Code.

119. The Georgia Pubic Utilities Code Provides:

> No person or entity shall make or cause to be made any
> telephone solicitation to the telephone line of any residential,
> mobile, or wireless subscriber in this state who has given notice
> to the commission, in accordance with regulations promulgated
> under subsection (d) of this Code section, of such subscriber's
> objection to receiving telephone solicitations.

O.C.G.A. § 46-5-27(c).

120. By registering for the National Do Not Call Registry, plaintiff and

members of the class in Georgia also registered for the Georgia Do Not Call

Registry. *See* O.C.G.A. § 46-5-27(d)(4).

121. By making telephone solicitation calls to numbers assigned to the

Georgia Do Not Call Registry, Defendant violated the Georgia Public Utilities

Code.

122. Defendant knew it was making the telephone solicitation calls at issue

and knew that it had an obligation to determine if such numbers were on either the

National or Georgia Do Not Registries, but it failed to do so.

22

123. Plaintiff, and members of the putative class in Georgia, are entitled to damages of $2,000 for each such knowing violation pursuant to O.C.G.A. § 46-5-27(i).

### COUNT EIGHT: GEORGIA PUBLIC UTILITIES CODE: INJUNCTIVE RELIEF PURSUANT TO O.C.G.A. § 46-5-27(i) TO PREVENT GEORGIA DO NOT CALL VIOLATIONS

124. The acts of Defendant constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

125. The Georgia Pubic Utilities Code Provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential, mobile, or wireless subscriber in this state who has given notice to the commission, in accordance with regulations promulgated under subsection (d) of this Code section, of such subscriber's objection to receiving telephone solicitations.

O.C.G.A. § 46-5-27(c).

126. By registering for the National Do Not Call Registry, plaintiff and members of the class in Georgia also registered for the Georgia Do Not Call Registry. *See* O.C.G.A. § 46-5-27(d)(4).

127. By making telephone solicitation calls to numbers assigned to the Georgia Do Not Call Registry, Defendant violated the Georgia Public Utilities Code.

23

128.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the Georgia Public Utilities Code, Defendant's policies and procedures violate Georgia law on a continuing basis.

129.  Based on Defendant's pattern and practice of violating the Georgia law, future violations will continue.

130.  The only way to prevent the Defendant from continuing to violate Georgia law is to enjoin the defendant from engaging in telemarketing or making telephone solicitations to persons in the State of Georgia.

131.  Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to O.C.G.A. § 46-5-27(i) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations to persons in the State of Georgia.

132.  In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to O.C.G.A. § 46-5-27(i) to enjoin and prohibit Defendant from engaging in telemarketing or making telephone solicitations to telephone numbers on the Georgia Do Not Call Registry.

**COUNT NINE: TELEPHONE CONSUMER PROTECTION ACT:**
**MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(c)(5)(B)**
**FOR INTERNAL DO NOT CALL VIOLATIONS**

133.  The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

24

134. The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(1).

135. Congress specifically directed the FCC to "compare and evaluate alternative methods and procedures" including the use of "company specific 'do not call' systems[.]" 47 U.S.C. § 227(c)(1)(A).

136. The TCPA required the FCC to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

137. The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

138. This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

139. The procedures required must include the following:

25

> If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 C.F.R. § 64.1200(d)(3).

140. Recognizing that most callers have the ability to record and honor such requests immediately, the FCC confirmed that such requests must be honored within a reasonable time and that "telemarketers with the capability to honor such company-specific do-not-call requests in less than thirty days must do so." *Rules and Regulation Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 94 (FCC 2003).

141. Because Defendants use an platform with an established means of opting out with by pressing "9", Defendants have the capability to honor such

DNC requests immediately or at least by the following day. It was unreasonable not to honor such requests.

142. Plaintiff repeatedly asked Liberty Mutual to stop calling her, including through pressing "9" during calls, which should have automatically and instantaneously logged – and honored – her request not to receive future calls.

143. Liberty Mutual kept calling Plaintiff's cell phone – which is her personal phone – despite these repeated requests.

144. Liberty Mutual does not have an adequate written policy designed to prevent calling persons like plaintiff, who have requested not to be called. Alternatively and additionally, Liberty Mutual does not honor whatever policy it does have, or it has failed to adequately train the persons who maintain such.

145. Defendants failed to maintain the procedures required by 47 C.F.R. § 64.1200(d).

146. Defendants did not record Plaintiff's request not to receive calls from Defendants.

147. Defendants did not place Plaintiff's name and number on its do not call list at the time of Plaintiff's request.

148. Defendants did not honor Plaintiff's request not to be called within a reasonable time from the date such request was made.

27

149. As a result of Defendants' actions in violation of the TCPA and the Federal FCC's implementing regulations, Plaintiff is entitled to an award of damages up to $500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

150. Defendants are aware of the TCPA's do not call rules and has continued to call after requests to stop calling. Defendants' conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations was willful or knowing.

151. Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

152. Defendant was aware of the TCPA's do not call rules and continued to call. Defendant's conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations were willful or knowing.

153. Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

### COUNT TEN: TELEPHONE CONSUMER PROTECTION ACT: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(c)(5)(A) FOR INTERNAL DO NOT CALL VIOLATIONS

154. The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

28

155. The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers privacy rights to avoid receiving telephone solicitations to which the object. 47 U.S.C. § 227(c)(1).

156. The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

157. This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

158. The procedures required must include the following:

> If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express

29

> permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 C.F.R. § 64.1200(d)(3).

159. Recognizing that most callers have the ability to record and honor such requests immediately, the FCC confirmed that such requests must be honored within a reasonable time and that "telemarketers with the capability to honor such company-specific do-not-call requests in less than thirty days must do so." *Rules and Regulation Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 94 (FCC 2003).

160. Because Defendants use an platform with an established means of opting out with by pressing "9", Defendants have the capability to honor such DNC requests immediately or at least by the following day. It was unreasonable not to honor such requests.

161. Plaintiff repeatedly asked Liberty Mutual to stop calling her, including through pressing "9" during calls, which should have automatically and instantaneously logged – and honored – her request not to receive future calls.

162. Liberty Mutual kept calling Plaintiff's cell phone – which is her personal phone – despite these repeated requests.

163. Liberty Mutual does not have an adequate written policy designed to prevent calling persons like plaintiff, who have requested not to be called.

30

Alternatively and additionally, Liberty Mutual does not honor whatever policy it does have, or it has failed to adequately train the persons who maintain such.

164. Defendants failed to maintain the procedures required by 47 C.F.R. § 64.1200(d).

165. Defendants did not record Plaintiff's request not to receive calls from Defendants.

166. Defendants did not place Plaintiff's name and number on its do not call list at the time of Plaintiff's request.

167. Defendants did not honor Plaintiff's request not to be called within a reasonable time from the date such request was made.

168. As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

169. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

170. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from engaging in telemarketing.

171. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(c)(5)(A) to enjoin and prohibit Defendant from engaging in telemarketing.

## COUNT ELEVEN: BAD FAITH ATTORNEY FEES

172. Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telemarketing calls and/or using an artificial or prerecorded voice message to Plaintiff's and class member's cellular telephone numbers without the parties' prior express written consent.

173. Defendant willingly, knowingly, and intentionally violated the TCPA and Georgia's Public Utilities Code in making telephone solicitation calls to persons registered on the National and Georgia Do Not Call Registries.

174. Defendant willingly, knowingly, and intentionally violated the TCPA and in making telemarketing calls without maintaining minimum procedures for maintaining a company specific do not call list.

175. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

176. "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

177. Defendant has acted in bad faith, been stubbornly litigious or caused

the Plaintiff, and the class members, unnecessary trouble and expense, and as such, Plaintiff and the class members are entitled to an award of litigation expenses, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

178.  Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

179.  Plaintiff hereby demands that the Defendant take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party, telemarketer or vendor associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

33

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

A.  Certification of this matter to proceed as a class action;

B.  That Plaintiff and the class be awarded damages in the liquidated amounts provided by the TCPA and Georgia Public Utilities Code;

C.  That Plaintiff and the class be awarded treble damages;

D.  In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telemarketing calls;

E.  That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee; and

F.  That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

[Signatures on Following Page]

34

**SKAAR & FEAGLE, LLP**

By:     */s/ Justin T. Holcombe*

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel:   (770) 427-5600
Fax:  (404) 601-1855

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Tel:   (404) 373-1970
Fax:  (404) 601-1855

E-filed in Office
Clerk of Superior Court
1/24/2020 5:07 PM
Coweta County, GA
Cindy G. Brown, Clerk
Case Number: SUV2020000117

IN THE SUPERIOR COURT OF COWETA COUNTY
STATE OF GEORGIA

RUBY SMITH,                                    :
c/o Skaar & Feagle, LLP                        :
133 Mirramont Lake Drive                       :
Woodstock, GA 30189                            :
                                               :
        Plaintiff,                             :
                                               :
                                               :       CIVIL ACTION FILE
v.                                             :
                                               :       No. _____
LIBERTY MUTUAL INSURANCE COMPANY,              :
c/o Corporation Service Company                :
40 Technology Parkway South, Suite 300         :
Norcross, Georgia 30092                        :
                                               :
        Defendant.                             :
_____            :

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

        You are hereby summoned and required to file with the CLERK of the Superior Court of
COWETA County, Georgia, 72 Greenville Street, Newnan, Georgia 30263, and serve upon the
Plaintiff's attorney, to wit, whose name and address is:

                        Justin T. Holcombe
                        Skaar & Feagle, LLP
                        133 Mirramont Lake Drive
                        Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.

This    __27th__          __January, 2020__
                        (Date)

                                                _____
                                                Clerk
                                                Superior Court of Coweta County

E-filed in Office
Clerk of Superior Court
1/24/2020 5:07 PM
Coweta County, GA
Cindy G. Brown, Clerk
Case Number: SUV2020000117

IN THE SUPERIOR COURT OF COWETA COUNTY
STATE OF GEORGIA

RUBY SMITH,                                      :
c/o Skaar & Feagle, LLP                          :
133 Mirramont Lake Drive                         :
Woodstock, GA 30189                              :
                                                 :
                                                 :
        Plaintiff,                               :
                                                 :
                                                 :     CIVIL ACTION FILE
v.                                               :
                                                 :     No. _____
LIBERTY MUTUAL INSURANCE COMPANY,                :
c/o Corporation Service Company                  :
40 Technology Parkway South, Suite 300           :
Norcross, Georgia 30092                          :
                                                 :
                                                 :
        Defendant.                               :
_____         :

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

        You are hereby summoned and required to file with the CLERK of the Superior Court of
COWETA County, Georgia, 72 Greenville Street, Newnan, Georgia 30263, and serve upon the
Plaintiff's attorney, to wit, whose name and address is:

                        Justin T. Holcombe
                        Skaar & Feagle, LLP
                        133 Mirramont Lake Drive
                        Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.

This    __27th_____   __January, 2020__
                        (Date)

                                        _____
                                        Clerk
                                        Superior Court of Coweta County

Civil Action No. _SUV 2020 000 117_

Date Filed: _1/24/20_

Attorney's Address

| Magistrate Court | ☐ |
| Superior Court | ☐ |
| State Court | ☐ |

**Georgia, Gwinnett County**

_Patry, Jonathan, on behalf of herself and all
others similarly situated_

_____ **Plaintiff**

VS.

_Liberty mutual Insurance Company_

_____ **Defendant**

Name and Address of party to be served.

_Liberty mutual Insurance Company_
_C/ registered agent to wit:_
_Corporation Service Company_
_40 Technology Parkway South, Suite 300_
_Norcross, GA 30092_

_____ **Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☒

Served the defendant _Liberty Mutual_ a corporation by leaving a copy of the within action and summons with _Alicia Smith RM_ in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _4_ day of _Feb_, 20 _20_.

_____ _50777_
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE: Clerk        CANARY: Plaintiff / Attorney        PINK: Defendant

SC-2 Rev.3.13